UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00172-D

| | |
|---|---|
| WILLIAM C. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| M. DALE SWIGGETT, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the following: (1) Plaintiff's fourteen motions to strike and for sanctions [DE-36, 40, 43, 47, 53, 55, 58, 60, 65, 67, 69, 73, 75, & 77]; (2) Defendant's motion for the removal of Plaintiff's counsel [DE-41]; (3) Defendant's motion for discovery [DE-42]; (4) Defendant's three motions to amend [DE-48, 49 & 52]; (5) Defendant's motion to render all transactions null and void [DE-57]; (6) Defendant's motion for default judgment [DE-61]; (7) Defendant's motion for summary judgment [DE-63]; and (8) Defendant's motion to stay [DE-72]. All twenty-three of these motions are currently ripe for review. Accordingly, Chief Judge Dever has referred Plaintiff's motions to strike, Defendant's motion for the removal of Plaintiff's counsel, Defendant's motion for discovery, Defendant's motion to render all transactions null and void, and Defendant's motion to stay to the undersigned for disposition and Defendant's motions to amend, Defendant's motion for default judgment, and Defendant's motion for summary judgment for memorandum and recommendation.

## DISCUSSION

On April 29, 2010, Plaintiff filed a diversity Complaint [DE-3] against Defendant, alleging libel. Defendant, proceeding *pro se*, failed to timely file an answer, and, accordingly, Plaintiff filed a Motion for Entry of Default [DE-6] on May 25, 2010, which was granted [DE-8] on June 1, 2010. Thereafter, Plaintiff filed a Motion for Default Judgment [DE-9] on June 10, 2010, which was ultimately denied by Order [DE-20] of Chief Judge Dever on October 28, 2010 after a hearing. Accordingly, Defendant, still appearing *pro se*, filed an Answer [DE-25] on November 22, 2010, as well as a Motion to Dismiss [DE-26]. On November 29, 2010, Plaintiff filed a Motion for Summary Judgment [DE-28]. On January 7, 2011, Defendant filed an additional Motion [DE-32], which requested leave to take depositions, remove Plaintiff's counsel, and calendar the case, to which Plaintiff responded [DE-33] on January 10, 2011 and Defendant replied [DE-35] on March 25, 2011. On June 14, 2011, the undersigned issued a Memorandum and Recommendation ("M&R") [DE-44], which recommended denial of Defendant's motion to dismiss, Plaintiff's motion for summary judgment, and Defendant's motion to take depositions, remove Plaintiff's counsel, and calendar the case. Plaintiff [DE-45] and Defendant [DE-46] both objected to the M&R on June 15, 2011 and June 28, 2011, respectively; however, Chief Judge Dever adopted it as the Court's Order [DE-56] on July 21, 2011.

On March 28, 2011, Plaintiff filed a Motion to Strike and for Sanctions [DE-36] regarding Defendant's March 25, 2011 filing. Defendant responded [DE-39] on April 15, 2011 and Plaintiff filed a second Motion to Strike and for Sanctions [DE-40] regarding that response on April 18, 2011. On May 9, 2011, Defendant filed documents captioned as "Motion for Request of Will Mann's Counsel James Craven to be Removed" [DE-41] and "Motion for

Request of Discovery" [DE-42], in response to both of which Plaintiff filed a third Motion to Strike and for Sanctions [DE-43] on May 10, 2011. These five motions were referred to the undersigned by Chief Judge Dever on June 14, 2011.

On July 8, 2011, Defendant filed two documents captioned as "Motions for Amendment" [DE-48 & 49] and on July 11, 2011, a third such document [DE-52]. Also on July 11, 2011, Plaintiff filed a fourth Motion to Strike and for Sanctions [DE-47], regarding Defendant's earlier objections to the undersigned's M&R, and on July 12, 2011, Plaintiff filed a fifth Motion to Strike and for Sanctions [DE-53] regarding Defendant's three motions to amend. Defendant responded [DE-54] to Plaintiff's fourth and fifth motions to strike and for sanctions on July 19, 2011, to which Plaintiff filed a sixth Motion to Strike and for Sanctions [DE-55] on July 21, 2011. On July 27, 2011, Defendant filed a document captioned as "Motion to Render All Transactions to be Null and Void" [DE-57], to which Plaintiff filed a seventh Motion to Strike and for Sanctions [DE-58] on July 28, 2011. Also on July 28, 2011, Defendant responded [DE-59] to Plaintiff's sixth motion to strike and for sanctions, to which Plaintiff filed an eighth Motion to Strike and for Sanctions [DE-60] on July 29, 2011. On August 2, 2011, Defendant filed a Motion for Default Judgment [DE-61] and on August 4, 2011, a document captioned as "Motion for Default & Summary Judgment" [DE-63]. Defendant filed a ninth Motion to Strike and for Sanctions [DE-65] regarding the motion for default judgment and the motion for summary judgment on August 5, 2011. On August 11, 2011, Plaintiff filed a tenth Motion to Strike and for Sanctions [DE-67], which was not linked to a previous filing of Defendant's but stated that it was with regard to a filing made by Defendant labeled as a "Claim of Lien." On August 15, 2011, Defendant filed a document captioned "Document: Amendment to Add Third Party Defendant" [DE-68], to which Plaintiff filed an eleventh Motion to Strike and for

3

Sanctions [DE-69] on August 16, 2011. On August 23, 2011, Chief Judge Dever referred [DE-70] these fourteen additional motions to the undersigned.

On September 6, 2011, Defendant filed a response [DE-71] to Plaintiff's ninth, tenth, and eleventh motions to strike and for sanctions and a Motion to Stay [DE-72]. Plaintiff filed a twelfth Motion to Strike and for Sanctions [DE-73] in response to these two filings on September 8, 2011. On September 28, 2011, Defendant filed a courtesy copy [DE-74] of a letter sent to Plaintiff's counsel on September 27, 2011, to which Plaintiff filed a thirteenth Motion to Strike and for Sanctions [DE-75] on September 29, 2011. Finally, on October 7, 2011, Defendant filed a document captioned as "Interrogatories to 3rd Party Defendants" [DE-76], to which Plaintiff filed a fourteenth Motion to Strike and for Sanctions [DE-77] on October 11, 2011. On October 12, 2011, Chief Judge Dever referred [DE-79] these four additional motions to the undersigned.

On October 27, 2011, the undersigned conducted a hearing regarding the first nineteen of the twenty-three outstanding motions referred in this matter, which were referred on June 14, 2011 and August 23, 2011. The undersigned also heard from the parties regarding the four motions referred on October 12, 2011. Therefore, the record being fully developed, the undersigned considered all twenty-three currently referred motions at the hearing.[1]

Finding no merit in Plaintiff's fourteen motions to strike and for sanctions, Defendant's motion to remove Plaintiff's counsel, Defendant's motion for discovery, Defendant's motion to render all transactions null and void, and Defendant's motion to stay, the undersigned informed the parties at the hearing that these eighteen motions would be denied, with a written order to follow. After hearing from Defendant on his motions to amend, motion for default judgment,

---

[1] Several additional motions remain pending in this action, which are not currently referred to the undersigned: (1) Plaintiff's fifteenth Motion to Strike and for Sanctions [DE-82]; (2) Defendant's Motion to Consolidate Cases [DE-84]; and (3) Plaintiff's sixteenth Motion to Strike and for Sanctions [DE-85].

and motion for summary judgment, the undersigned concluded that the motions to amend, which purported to add dozens of additional parties to this action, were not procedurally proper under Federal Rule of Civil Procedure 14 regarding third-party practice, Rule 15 regarding amended and supplemental pleadings, Rule 19 regarding required joinder of parties, *or* Rule 20 regarding permissive joinder of parties, and that, therefore, they were without merit. As a result, the undersigned also concluded that Defendant's motion for default judgment and Defendant's motion for summary judgment, which sought to impose default and/or summary judgment for failing to respond upon the parties purportedly added by the motions to amend, which were never granted by the Court, were similarly without merit. Accordingly, the parties were informed that the undersigned's recommendation would be that Defendant's three motions to amend, Defendant's motion for default judgment, and Defendant's motion for summary judgment also should be denied.

In addition, Defendant was cautioned that, though Plaintiff's requests for sanctions were being denied out of an abundance of caution and with due regard to Defendant's *pro se* status, his failure to abide by the Federal Rules of Civil Procedure thus far had brought him perilously close to being sanctioned, and that any further filings which were duplicative of matters already addressed by the Court *would* result in sanctions, monetary or otherwise, being imposed upon him. Finally, the undersigned informed the parties that it would enter, by separate order, a scheduling order setting discovery deadlines in this matter.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's fourteen Motions to Strike and for Sanctions [DE-36, 40, 43, 47, 53, 55, 58, 60, 65, 67, 69, 73, 75, & 77], Defendant's Motion for Request of Will Mann's Counsel James Craven to be Removed [DE-41], Defendant's Motion for Discovery

[DE-42], Defendant's Motion to Render All Transactions to be Null and Void [DE-57], and Defendant's Motion to Stay [DE-72] be **DENIED**.

It is hereby further **RECOMMENDED** that Defendant's three Motions for Amendment [DE-48, 49, & 52], Defendant's Motion for Default Judgment [DE-61], and Defendant's Motion for Default & Summary Judgment [DE-63] be **DENIED**.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for Plaintiff and the *pro se* Defendant, who have fourteen (14) days from the date of receipt to file written objections to those portions addressed by recommendation. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 31st day of October, 2011.

DAVID W. DANIEL
United States Magistrate Judge