IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-172-D

| | | |
|---|---|---|
| WILLIAM C. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. DALE SWIGGETT, | ) | |
| | ) | |
| Defendant. | ) | |

On October 12, 2011, defendant M. Dale Swiggett ("defendant" or "Swiggett"), proceeding pro se, filed "Interrogatories Propounded to '3rd Party Defendants'" [D.E. 80]. On October 13, 2011, William C. Mann ("plaintiff" or "Mann") responded in opposition by filing his fifteenth motion to strike and motion for sanctions [D.E. 82]. In support, Mann noted that there are no third-party defendants in this case and that there have never been any third-party defendants in this case. Id. On November 8, 2011, Swiggett filed a motion to amend counterclaim [D.E. 89]. On November 9, 2011, Mann responded in opposition to the motion to amend counterclaim [D.E. 90]. Again, Mann noted the obvious: there are no counterclaims in this case, and there have never been any counterclaims in this case. Id.

Mann's responses are correct. Therefore, the court grants Mann's motion to strike [D.E. 82], and strikes Swiggett's interrogatories propounded to third-party defendants. Additionally, the court denies Swiggett's motion to amend counterclaim [D.E. 89]. These rulings, however, do not end the matter. As explained below, the court awards judgment as to liability on Mann's libel claim and directs Magistrate Judge Webb to hold an evidentiary hearing and issue a memorandum and recommendation as to Mann's damages.

I.

Despite this court's repeated warnings to Swiggett, Swiggett has continued to clutter the docket with nonsensical filings and continued to disregard this court's orders, the local rules, and the Federal Rules of Civil Procedure. Specifically, on October 28, 2010, the court "admonished defendant concerning the court's expectation that he abide by the Federal Rules of Civil Procedure and the local rules of this court and warned him about possible sanctions for failure to comply." [D.E. 20] (citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995)). On August 23, 2011, the court referred a multitude of motions to Magistrate Judge Daniel for disposition (when appropriate) or for a memorandum and recommendation ("M&R") [D.E. 70]. On October 31, 2011, Magistrate Judge Daniel recommended denying all of Swiggett's motions, after finding them procedurally improper or meritless. [D.E. 88] 5–6. On December 16, 2011, the court adopted Magistrate Judge Daniel's M&R, and noted that Judge Daniel again warned Swiggett about his conduct in the litigation [D.E. 97]. This court added its own observation and warning: "Notably, throughout the litigation, defendant has filed ridiculous pleadings and sought to litigate matters that are not in this case." Id. 1.

On December 21, 2011, Judge Daniel held a status conference [D.E. 98]. Swiggett then filed yet another ridiculous pleading entitled "Confirmation of Notice for False Claims Act" and attached a letter addressed to various public officials seeking to have his criminal record expunged and making a variety of bizarre allegations and requests [D.E. 99]. On December 21, 2011, Mann filed his seventeenth motion to strike and motion for sanctions [D.E. 100] concerning Swiggett's December 21, 2011 filing.

On January 12, 2012, Mann filed a motion for summary judgment [D.E. 101] and a supporting memorandum [D.E. 102]. The motion and memorandum discussed the one claim in this

2

case: Mann's libel claim under North Carolina law. Id.

On January 13, 2012, Swiggett responded to Mann's seventeenth motion to strike and motion for sanctions with another bizarre and nonsensical filing [D.E. 103]. On that same date, Swiggett mailed interrogatories and document-production requests to Mann. See [D.E. 106].

On January 17, 2012, Mann objected to the discovery requests that Swiggett mailed on January 13, 2012. Id. In support, Mann noted that the proposed discovery violated the scheduling order, which states, "All discovery shall be completed by January 13, 2012." Id. 1 (emphasis removed); see [D.E. 87]. Mann also noted that Swiggett's discovery requests violated Federal Rules of Civil Procedure 33 and 34, in that Swiggett purported to propound interrogatories and document requests to Mann and eight non-parties to this case. [D.E. 106] 1–2.

On January 25, 2012, Swiggett filed yet another bizarre and nonsensical motion, in which Swiggett asked the court to deny Mann's objection to the late-filed discovery, grant "default and summary judgment" to Swiggett, and refer the case to the Attorney General of the United States for criminal investigation [D.E. 107]. In support, Swiggett contends that his untimely interrogatories and document requests really were a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. See [D.E. 107] 1. Of course, if Swiggett really were making a FOIA request, he would have sent the request to a federal agency subject to FOIA. Cf. 5 U.S.C. §§ 551(1), 552(f). Mann and the other individual identified in the interrogatories or document requests are not federal agencies under FOIA. As such, Swiggett's FOIA contention is frivolous. As for Swiggett's request for "default and summary judgment," Swiggett asserts entitlement to such relief "due to the deliberate and malicious nature of bringing this civil action against [him] which has resulted in physical, mental and financial damages . . . ." [D.E. 107] 3. In light of the standards governing entry of a default judgment or summary judgment, this request also is frivolous. See Fed. R. Civ. P.

3

55–56; Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). As for Swiggett's request that the court refer the case to the Attorney General for criminal investigation, Swiggett confuses the current U.S. Attorney for the Eastern District of North Carolina (Thomas Walker) with the current Attorney General (Eric Holder). In any event, this request also is frivolous.

On January 26, 2012, Mann replied to Swiggett's latest motion [D.E. 108]. Mann renewed his request for summary judgment. Id. Alternatively, he requested partial summary judgment, sanctions, and summary denial of Swiggett's January 25, 2012 motion. Id.

On March 2, 2012, Swiggett filed a document entitled "Reply to Plaintiff's Response, Declaration of Whistleblower Dodds Frank Relator" [D.E. 110]. The document is untimely and violates Local Civil Rule 7.1(f), and contains more gibberish. Id. On March 5, 2012, Mann responded to Swiggett's latest filing and again requested summary judgment, or, alternatively, partial summary judgment, sanctions, and summary denial of defendant's January 25, 2012 motion [D.E. 111].

After a thorough review of the record, it is clear that Swiggett continues to disregard this court's warnings, this court's scheduling order, this court's local rules, and the Federal Rules of Civil Procedure. Swiggett seems to believe that he can file whatever he wants to file, whenever he wants to file it, even if the filing has no connection to the pending case. This court lacks the time or inclination to act as a babysitter for Swiggett. Indeed, this court has approximately 440 pending civil cases and 182 pending criminal cases, and these figures exclude the plethora of habeas petitions and prisoner civil-rights cases that flood the court's docket. This court will not permit Swiggett to run roughshod over the Federal Rules of Civil Procedure, this court's local rules, this court's orders, or this court's docket.

Swiggett's conduct reflects bad faith. Moreover, in light of the record, the court finds that Swiggett has no intention to change his behavior or to comply with this court's orders, the local rules, or the Federal Rules of Civil Procedure. As such, the court grants Mann's motions to strike and for sanctions [D.E. 82, 85, 100]. Moreover, the court concludes that sanctions are warranted and that the sanction of striking Swiggett's answer is appropriate in light of the volume of frivolous filings that defendant continues to make in this case, defendant's refusal to comply with this court's orders and local rules, and defendant's bad faith. See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 639–42 (1976) (per curiam); Hathcock, 53 F.3d at 40–41.

II.

Alternatively, the court grants Mann's motion for summary judgment as to liability on plaintiff's libel claim. Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex, 477 U.S. at 322; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Mann argues that Swiggett's statements in various letters and articles are libelous in that they allege that Mann committed environmental crimes and criminal fraud. See [D.E. 102] 1–5. Swiggett's sole response is that he should be awarded summary judgment because of "the deliberate and malicious nature of bringing this civil action against [him] which has resulted in physical, mental and financial damages . . . ." [D.E. 107] 3.

Under North Carolina law, libel occurs when a party injures a person by publishing to a third party false and defamatory statements about the person. See Harrell v. City of Gastonia, 392 F. App'x 197, 206 (4th Cir. 2010) (per curiam) (unpublished); Griffin v. Holden, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006). However, "[w]hen an unauthorized publication is libelous *per se*, malice and damages are presumed from the fact of publication and no proof is required as to any

5

resulting injury." Renwick v. News & Observer Publ'g Co., 310 N.C. 312, 316, 312 S.E.2d 405, 408 (1984) (quotation omitted); see Griffin, 180 N.C. App. at 134, 636 S.E.2d at 303. Libel *per se* occurs when the published statements are "susceptible of but one meaning" and are "obviously defamatory . . . ." Renwick, 310 N.C. at 316–17, 312 S.E.2d at 408–09 (quotations and emphasis omitted); see Griffin, 180 N.C. App. at 133–34, 636 S.E.2d at 302–03. Statements accusing another of committing infamous crimes are, as a matter of law, obviously defamatory. Renwick, 310 N.C. at 317, 312 S.E.2d at 409; Harrell, 392 F. App'x at 206.

On April 7, 2010, Swiggett published a letter that accused Mann of committing various crimes, including environmental crimes and criminal fraud (e.g., running a "Ponzi scheme" and engaging in "fraudulent transactions"). [D.E. 3-2] 1 (April 7, 2010 letter). Swiggett sent the April 7, 2010 letter to numerous people, including George Holding, the former U.S. Attorney for the Eastern District of North Carolina, and Sara Conti, a bankruptcy trustee. Id. 1–2. Swiggett also sent the letter to Guy Stephen Gulick, Guy Geoffrey Gulick, and Garen Gregory Gulick. [D.E. 3-3] 1. Swiggett also authored an article entitled *The Tale of Two Golf Pros*, which accused Mann of criminal fraud (i.e., running a "Ponzi scheme") and bank fraud. [D.E. 3-7] 1–2. Swiggett's statements accusing Mann of crimes are explicit, unambiguous, and defamatory. See, e.g., Renwick, 310 N.C. at 316–17, 312 S.E.2d at 408–09. In addition, the record reveals that Swiggett's accusations are false. Indeed, Swiggett does not identify a single credible source to verify any of his allegations regarding Mann's alleged criminal conduct. Instead, Swiggett relies solely on his own bizarre, self-concocted theories to support his false and defamatory accusations. See [D.E. 102-11] ¶¶ 1–13; see also [D.E. 102-12] ¶ 5. Moreover, because Swiggett's statements are libel *per se*, malice and injury are presumed. See, e.g., Renwick, 310 N.C. at 316, 312 S.E.2d at 408. Accordingly, there are no genuine issues of material fact as to liability, and Mann is entitled to

6

judgment as a matter of law on his libel claim against Swiggett.

The only remaining issue is to determine the amount of damages. The court refers the issue of damages to United States Magistrate Judge Webb for an evidentiary hearing and a memorandum and recommendation. See 28 U.S.C. § 636(b)(1)(B). After the evidentiary hearing, Judge Webb will issue a memorandum with proposed findings and recommendations. See id. In making this referral, the court notes that neither Mann's complaint [D.E. 1, 3], nor Swiggett's answer [D.E. 25] requested a jury trial, and the time to do so has long since expired. See Fed. R. Civ. P. 38; Gen. Tire & Rubber Co. v. Watkins, 331 F.2d 192, 195–97 (4th Cir. 1964); Timmons v. United States, 194 F.2d 357, 359 (4th Cir. 1952).

III.

In sum, the court GRANTS plaintiff's pending motions to strike and for sanctions [D.E. 82, 85, 100], STRIKES defendant's answer [D.E. 25], and AWARDS judgment to plaintiff as to liability on plaintiff's libel claim. Alternatively, the court GRANTS plaintiff's motion for summary judgment as to liability on plaintiff's libel claim [D.E. 101]. The court REFERS the issue of damages to United States Magistrate Judge Webb for an evidentiary hearing and a memorandum and recommendation. Defendant's motion to consolidate [D.E. 84], motion to amend counterclaim [D.E. 89], motion to dismiss [D.E. 104], and motion for default judgment, for summary judgment, and to refer the case to the Attorney General of the United States [D.E. 107] are DENIED as frivolous.

SO ORDERED. This 4 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge