IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-172-D

| | | |
|---|---|---|
| WILLIAM C. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. DALE SWIGGETT, | ) | |
| | ) | |
| Defendant. | ) | |

On October 9, 2012, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 141] on the issue of damages. In the M&R, Judge Webb recommended that William C. Mann ("Mann" or "plaintiff") be awarded $100.00 in compensatory damages and $25,000.00 in punitive damages. On October 11, 2012, Mann filed objections [D.E. 142] to the M&R. M. Dale Swiggett ("Swiggett" or "defendant") did not file objections or respond to Mann's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Mann's objections. As for those portions of the M&R to which Mann made no objection, the court is satisfied that there is no clear error on

the face of the record.

The court has reviewed Mann's objections, the record, and the arguments de novo. In light of the record and the evidence presented at the hearing on damages, Judge Webb correctly analyzed the issue of damages. Swiggett is a crackpot who has waged "an unfounded, bizarre personal vendetta against Mann." M&R 14. Nonetheless, at the hearing, Mann did not present evidence warranting a damages award beyond $100.00 in compensatory damages and $25,000.00 in punitive damages. See id. 4–6, 11–14.

In opposition to this conclusion, Mann argues that the $100.00 compensatory damages award undervalues his reputation [D.E. 142]. Mann cites his testimony at the hearing that, over a two-year period, he had to explain the situation involving Swiggett's "unrelenting defamatory statements" to fourteen family members, eleven friends, and eight business associates. Id. 1–2. However, Judge Webb cogently explained why Mann failed to prove $2,000,000.00 in compensatory damages and why a $100.00 award was appropriate. See M&R 11–13. The court agrees with Judge Webb's analysis and adopts it. Likewise, Judge Webb properly rejected Mann's request for $2,000,000.00 in punitive damages and cogently explained why a $25,000.00 punitive damages award was appropriate. Id. 13–14.

In sum, plaintiff's objections to the M&R [D.E. 142] are OVERRULED. The court ADOPTS the M&R [D.E. 141] and AWARDS Mann $100.00 in compensatory damages and $25,000.00 in punitive damages. The clerk shall close the case.

SO ORDERED. This 14 day of November 2012.

JAMES C. DEVER III
Chief United States District Judge