IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-172-D

| | | |
|---|---|---|
| WILLIAM C. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. DALE SWIGGETT, | ) | |
| | ) | |
| Defendant. | ) | |

On January 24, 2013, intervenor SunTrust Bank ("SunTrust") filed a motion to cancel a claim of lien that defendant M. Dale Swiggett ("Swiggett") filed in Alamance County on August 14, 2012, and to enter an injunction prohibiting Swiggett from filing any claim of lien against SunTrust without court approval [D.E. 155]. On January 25, 2013, intervenor VantageSouth Bank ("VantageSouth") filed a motion to cancel a claim of lien that Swiggett filed in Alamance County on August 14, 2012, and to enter an injunction against Swiggett from filing any other claim of lien against VantageSouth without court approval [D.E. 158]. Plaintiff Williams C. Mann does not oppose the motions [D.E. 160].

On February 19, 2013, Swiggett filed a response in opposition and a motion for contempt [D.E. 164–65]. Like Swiggett's other filings in this case, the response is an incoherent amalgam of citations to irrelevant federal statutes and cases and a phantasmagorical recitation of an alleged conspiracy involving multiple lawyers, federal officials, state officials, private citizens, and banks. Id. On February 21, 2013, Swiggett filed a motion to seize the assets of non-parties C. Ray Holmes and Wade Byrd and to freeze the assets of a variety of banks [D.E. 166].

On February 22, 2013, Mann responded in opposition to Swiggett's motion for contempt and motion to seize assets [D.E. 167]. On March 4, 2013, VantageSouth also responded in opposition [D.E. 168–69].

On March 5, 2013, Swiggett filed a motion for additional damages and a response [D.E. 170]. Again, Swiggett's motion and response are incoherent. See id. On March 22, 2013, Swiggett filed another incoherent motion for seizure, a request for emergency action, a motion for criminal record to be expunged, and a request for additional damages [D.E. 171]. On March 25, 2013, Swiggett filed a motion to stay or overturn auction of property, for a hearing on bankruptcy fraud and RICO, and for a bench warrant [D.E. 172]. On March 26, 2013, Swiggett filed a motion to continue this case for 180 days due to "recent news" concerning VantageSouth and the Piedmont Crescent/Quarry Hills Country Club [D.E. 173]. On April 2, 2013, Swiggett filed a motion for appointment of a trustee, and for damages and other compensation [D.E. 175].

The court assumes familiarity with the record, including this court's numerous orders involving Swiggett culminating in the order of May 4, 2012, granting Mann's motions to strike and for sanction and granting Mann's motion for summary judgment on Mann's libel claim [D.E. 112]. The court also assumes familiarity with the order awarding Mann $100.00 in compensatory damages and $25,000.00 in punitive damages [D.E. 143].

The court now turns to the pending motions of SunTrust and VantageSouth. Swiggett's notice of claim of lien that he filed on August 14, 2012, with the Alamance County Register of Deeds concerning SunTrust's property is frivolous, and the court cancels the notice and orders its removal. See, e.g., United States v. El Bey, No. 3:07-CV-255-W, 2008 WL 111197, at *1 (W.D.N.C. Jan. 9, 2008) (unpublished); United States v. MacElvain, 858 F. Supp. 1096, 1100–02 (M.D. Ala. 1994) (collecting cases); Moore v. Surles, 673 F. Supp. 1398, 1400–01 (E.D.N.C. 1987); see also United States v. McGugan, 600 F. Supp. 2d 608, 610–15 & nn. 2–3 (D.N.J. 2009). Likewise, Swiggett's notice of claim of lien that he filed on August 14, 2012, with the Alamance County Register of Deeds concerning VantageSouth's property is frivolous, and the court cancels the notice and orders its removal. See id. Finally, the court declines to enter the requested

2

injunction, but warns Swiggett that any more frivolous filings will result in sanctions, including monetary sanctions and possibly a pre-filing injunction. Cf. 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817–18 (4th Cir. 2004); Armstrong v. Easley, No. 5:06-CV-495-D, 2006 WL 4766024, at *2–3 (E.D.N.C. Dec. 12, 2006) (unpublished), aff'd, 225 F. App'x 120 (4th Cir. 2007) (per curiam) (unpublished).

In sum, SunTrust's motion to cancel a claim of lien and for sanctions [D.E. 155] and VantageSouth's motion to cancel a claim of lien and for sanctions [D.E. 158] are GRANTED IN PART and DENIED IN PART. The claim of lien that Swiggett filed on August 14, 2012, with the Alamance County Register of Deeds concerning certain SunTrust property [D.E. 146, Ex. A] is NULL, VOID, and CANCELLED. Similarly, the claim of lien that Swiggett filed on August 14, 2012, with the Alamance County Register of Deeds concerning certain VantageSouth property [D.E. 158-1] is NULL, VOID, and CANCELLED. The motions for sanctions [D.E. 155, 158] are DENIED. Swiggett's motions [D.E. 164, 165, 166, 170, 171, 172, 173, 175] are frivolous and are DENIED. Swiggett is WARNED that any more frivolous filings will result in sanctions, including monetary sanction and a pre-filing injunction.

SO ORDERED. This 8 day of April 2013.

JAMES C. DEVER III
Chief United States District Judge

3